## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MICHAEL ABID QUIÑONES-IRIZARRY,

    **Plaintiff**,

    **v.**

CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO, *et al.*,

    **Defendants.**

**Civil No.** 16-2882 (FAB)

## OPINION AND ORDER[1]

BESOSA, District Judge.

    Before the Court is defendant Liza Estrada-Figueroa's ("Estrada") motion to dismiss plaintiff Michael Abid Quiñones-Irizarry's ("Quiñones") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 21.) For the reasons set forth below, the motion to dismiss is **GRANTED**. Furthermore, Quiñones's claims against remaining defendants Corporación del Fondo del Seguro del Estado ("CFSE") and María Carrión-Cancel ("Carrión") are dismissed *sua sponte* pursuant to Rule 12(b)(6). For the reasons set forth below, the Court dismisses the complaint *in toto*. Insofar as Quiñones has asserted a Fifth Amendment claim against the defendants, the claim is dismissed with prejudice. Quiñones is granted leave to amend the

---

[1] Olivia Manne, a second-year student at Columbia Law School, assisted in the preparation of this Opinion and Order.

remainder of his complaint.  The amended complaint must be filed **no later than July 14, 2017**.

I.   **BACKGROUND**

Quiñones claims that he suffered workplace harassment and discrimination because of his political views.  (Docket No. 1.) Quiñones began working for CFSE in 1998.  Id. at p. 4.  He was an administrative assistant at the CFSE Utuado office.  Id.  He held this position since 2011 until he took his seat once elected to the Puerto Rico House of Representatives.  Id.  Quiñones identifies himself as an active member of the New Progressive Party (in Spanish, *Partido Nuevo Progresista* or "PNP").  Id. at p. 4-5.  On January 2, 2013,[2] Alejandro García-Padilla ("García") became the Governor of Puerto Rico.[3]  Id. at p. 6.  Former Governor García is a member of the Popular Democratic Party (in Spanish, *Partido Popular Democrático* or "PPD"); he selected Estrada to serve as the CFSE Administrator.  Id.  Estrada named defendant Carrión as regional director of the CFSE Arecibo office.  Id.  Both Estrada and Carrión are members of the PPD.  Id.

Quiñones predicates his complaint on conduct that allegedly began in January 2013.  This conduct pertains to a series of

---

[2] The complaint states that Governor García took office on January 1, 2013.  The Court, however, notes that former Governor García took office on January 2, 2013.

[3] Former Governor García left office on January 2, 2017.  He was succeeded by current Governor Ricardo Antonio Rosselló-Nevares.

ignored communications, various occurrences at the office, disciplinary actions, and a purported disclosure of confidential documents.

Quiñones alleges that the defendants responded inadequately to numerous communications. For instance, the defendants failed to respond to Quiñones's requests for specific employment duties. Id. at p. 7. On several occasions, Quiñones asserts that he requested that Carrión transfer him to the Arecibo Regional Office, but Carrión did not respond. Id. Quiñones also alleges, however, that Carrión did respond to his transfer request by acknowledging that she knew his political affiliation, confirming that she would determine whether transfer would be possible, ensuring that she would contact the Chief of Security Services, and stating that she believed transfer would be difficult.[4] Id. at p. 9. Quiñones claims to have received no additional information from Carrión regarding his transfer request. Id.

Quiñones further avers that Carrión took a series of actions against him that substantiate the causes of action asserted in the complaint. By way of example, Quiñones alleges that he once arrived at work and learned, from an unidentified source, that

---

[4] Quiñones's allegation that Carrión responded to his request for transfer by acknowledging his political affiliation is inconsistent with his previous statement that Carrión ignored his requests for transfer made after January 2013. (Docket 1 at p. 7, 9.)

Carrión had ordered Quiñones's belongings moved to a different desk in an area of the office with a camera in the ceiling. Id. at p. 8. Carrión then purportedly directed Emma Rivera-Campos ("Rivera"), a member of the PPD, to occupy Quiñones's former desk. Id.

Quiñones also alleges that he used to have access to the keys to the Utuado office when supervisors were absent. Id. at p. 9. Since January 2013, however, Carrión insisted that Rivera receive the office keys in the supervisor's absence. Id. Unidentified CFSE employees allegedly informed Quiñones that Carrión pressured employees "to try to find reasons to proceed against Quiñones under color of authority to push him out of the CFSE for political reasons." Id. at p. 11. According to Quiñones, Carrión instructed supervisors to withhold work assignments from Quiñones. Id. Carrión excluded Quiñones from a staff meeting. Id. During an ethics seminar, Carrión made comments that Quiñones interpreted as suggesting that Quiñones was corrupt. Id. at p. 12.

On July 3, 2015, Quiñones received a document signed by Estrada regarding CFSE's intent to terminate his employment. Id. Quiñones challenged his termination and attended a hearing on July 31, 2015 and August 14, 2015. Id. On June 5, 2016, Quiñones won a primary election, and became the PNP's candidate for representative of the 22nd district of Puerto Rico. Id. Five

days later, he received a document signed by Estrada, informing him of CFSE's decision to suspend his employment for thirty days without pay instead of termination. Id. Quiñones provides no details regarding the events prompting the employment decisions made by CSFE.

The documents Quiñones received regarding his employment were allegedly confidential, but someone published the documents on the internet. Id. at p. 13. Namely, an unidentified individual disclosed the documents on the Facebook social networking website. Id. Quiñones contends that Estrada and CFSE were responsible for maintaining the confidentiality of these documents. Id. Quiñones, nonetheless, does not allege that either Estrada or CFSE disclosed the confidential documents. Id. These documents were published on a Facebook page entitled "Abid Aflac Quiñones," which Quiñones claims was created to "shame and attack the reputation, dignity, integrity, private and family life of the Plaintiff." Id. Quiñones's written request to Estrada for an investigation regarding the published documents remains unanswered. Id at p. 14.

Aside from describing the bases for his conflict with Carrión, Quiñones also describes events that seemingly bear no relation to any defendant. For instance, Quiñones alleges that personnel from the Arecibo Regional Office performed supervisory duties while his supervisors were unavailable, even though he is capable of

performing these duties.  Id. at p. 10.  When administrative and supervisory employees from the Arecibo Regional Office visited the Utuado Office, these individuals ignored Quiñones and held meetings in Rivera's office with the doors closed.  Id. Unidentified employees and members of the PPD allegedly harassed Quiñones because of his political affiliation.  Id.  His supervisor from the Arecibo Regional Office did not respond to a request for leave.  Id. at p. 11.

Quiñones filed a complaint against Estrada, Carrión, and the CFSE on October 27, 2017 for monetary and injunctive relief. (Docket No. 1.)  The Court stayed Quiñones's claim as to defendant Carrión.[5]  (Docket No. 15.)

---

[5] Carrión filed a bankruptcy petition in the Bankruptcy Court for the District of Puerto Rico.  Case No. 16-8667.  Accordingly, this litigation is stayed as to Carrión pursuant to the automatic stay provision set forth in 11 U.S.C. § 362 ("section 362").  The Court acknowledges that the "automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code.  It gives the debtor a 'breathing spell' from creditors and stops all collection efforts, all harassment, and all foreclosure actions." Gonzalez v. P.R. Treasury Dep't., 532 B.R. 1, 5 (Bankr. D.P.R. 2015) (Lamoutte, J.).  This Court may, nevertheless, dismiss the ADA and Law 40 causes of action against Carrión because a post-petition dismissal of claims against a defendant in bankruptcy does not violate the automatic stay.  Although the First Circuit Court of Appeals has not addressed this issue, the weight of authority from sister circuits indicates that such a dismissal is permitted.  See Arnold v. Garlock, 288 F.3d 234 (5th Cir. 2002) (allowing plaintiff to dismiss voluntarily a claim against defendant in bankruptcy); Dean v. TWA, 72 F.3d 754, 756 (9th Cir. 1995) ("[U]nder very limited circumstances, post-filing dismissal by a Court of an action against a debtor may not be an impermissible 'continuation' of a proceeding."); Dennis v. A.H. Robins Co., 860 F.2d 871, 872 (8th Cir. 1988) (*per curiam*) (holding that stay does not prevent "another court from dismissing a case on its docket"); Martin v. Hearst Corp., Case No. 12-1023, 2013 U.S. Dist. LEXIS 138060 * 24 (D. Conn. 2013) ("This Court finds more persuasive the approaches of the Eighth and Ninth Circuits in the cases cited above, and concludes that a court's post-stay entry of an order of dismissal [. . . ] does not constitute a 'commencement or continuation' under [section] 362(a) as long as the dismissal is consistent with the purposes of the statute.").

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court adopts a two-step approach when resolving a motion to dismiss. First, the Court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Second, the Court "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2017)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but

it has not shown—that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

**III. DISCUSSION**

Estrada argues that the Court should dismiss Quiñones's complaint as to her because: (1) the complaint is devoid of plausible constitutional rights violations;[6] (2) Quiñones lists bare, conclusory allegations; (3) there are no facts supporting a supervisory liability claim against Estrada; (4) Estrada is entitled to qualified immunity; (5) the 42 U.S.C. § 1983 ("section 1983") and supplemental jurisdiction claims are time-barred; and (6) the complaint neglects to establish a valid claim pursuant to Act No. 115 of December 20, 1991 and Articles 1802 and 1803 of the Civil Code of Puerto Rico. (Docket No. 21.)

Having thoroughly reviewed the complaint, the Court is convinced that the complaint fails to satisfy the pleading standard required to survive a Rule 12(b)(6) motion. Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** as to all defendants.

    **A.   42 U.S.C. § 1983**

Section 1983 allows "a private right of action for violations of federally protected rights." <u>Marrero-Gutierrez v.</u>

---

[6] Estrada seeks to dismiss the following section 1983 claims: First Amendment political discrimination, First Amendment free speech infringement, free speech retaliation, denial of Fifth and Fourteenth Amendment proprietary interest in employment, Fourteenth Amendment Due Process violation, and Fourteenth Amendment Equal Protection violation.

Molina, 491 F.3d 1, 5 (1st Cir. 2007). The Supreme Court has held that section 1983 does not confer substantive rights, "but provides a venue for vindicating federal rights elsewhere conferred." Marrero-Saez v. Municipality of Aibonito, 668 F.Supp.2d 327, 332 (D.P.R. 2009) (Casellas, J.) (citing Graham v. M.S. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). In order to state a claim pursuant to section 1983, a plaintiff must plausibly plead (1) that he or she was deprived of a constitutional right; (2) that a "causal connection exists between [defendants' conduct] and the [constitutional deprivation]; and (3) that the challenged conduct was attributable to a person acting under color of state law." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).[7]

### 1. Failure to State a Cause of Action

Quiñones fails to state a cause of action pursuant to section 1983.[8] The Court emphasizes that "judges are not mind-readers, so parties must spell out their issues clearly,

---

[7] The limitations period for filing a section 1983 claim is determined by state law. See Wilson v. Garcia, 471 U.S. 261, 278-80, 85 (1985). Puerto Rico law establishes a one-year limitations period for section 1983 claims. P.R. Laws Ann. tit. 31, § 5298(2); Benitez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998) ("Puerto Rico law establishes a one year prescription period for the [§ 1983] claims in this case."). The complaint includes insufficient evidence for the Court to determine which allegations are time barred by the statute of limitations.

[8] Moreover, Quiñones cites to no cases in support of arguments set forth in the complaint.

highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Munic. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). Quiñones provides numerous allegations, but fails to address the specific legal theory pursuant to which he is seeking relief. He recites the same language in the complaint in a formulaic way.[9] For instance, for each "cause of action," Quiñones asserts:

> The pattern of conduct set forth above constitutes a violation of Plaintiff's [. . .] rights in as much as to the extent Quiñones was subject to the political persecution, discrimination, hostile work environment, harassment, and retaliation referred to above.

(Docket No. 1 at p. 15, 17-23.)

Without more, the Court cannot discern specific causes of action or the grounds upon which Quiñones seeks relief. The Court "should not be asked to guess the contents of a theory of liability." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 125 (1st Cir. 2013). See also U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") Absent a specifically articulated cause of

---

[9] The Court can only cite generally to allegations set forth in the complaint because Quiñones failed to organize his arguments in numerical or alphabetical manner. For example, the complaint labels multiple headings as "IV," skips letters in subheadings, and lists multiple subheadings as "(25) (f)" and "(25) (h)". (Docket No. 1 at p. 3, 9-14.)

Civil No. 16-2882 (FAB)                                            11

action, it is impossible for the Court to determine whether the complaint sets forth factual allegations "respecting each material element [of the cause of action] necessary to sustain recovery." See U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011).  Indeed, there are no factual allegations suggesting a deprivation of constitutional rights, that a causal connection exists between defendant Estrada's acts and Quiñones's deprivation of constitutional rights, or that defendant Estrada acted pursuant to color of state law.  Sanchez, 590 F.3d 31, 41 (1st Cir. 2009).  Accordingly, Quiñones has failed to meet the minimal pleading standard pursuant to Rule 12(b)(6).

### 2. Insufficient Factual Allegations

Additionally, Quiñones alleges insufficient facts raising a right to relief above the speculative level.  When ruling on a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Quiñones alleges that Estrada: (1) did not respond to Quiñones when he requested to be

Civil No. 16-2882 (FAB)                                              12

assigned specific employment duties,[10] (2) Estrada signed a document notifying Quiñones that CFSE intended to terminate his employment, (3) Estrada signed a document concerning his suspension, (4) Estrada was responsible for securing the confidentiality of these documents, and (5) Estrada ignored his written request that she conduct an investigation regarding the documents.[11]  (Docket No. 1 at 7, 12-14.)  Quiñones concludes without further explanation that each of these acts constitutes political discrimination.  Id.  He reiterates 19 times that "[s]uch actions [or conduct] anguished [him] and made him feel that he was going to be continuously subject to discrimination on account of his political affiliation."  (Docket No. 1 at p. 1-14.)  These allegations are plainly insufficient to allege a cause of action that is plausible on its face.

Furthermore, the complaint as to Estrada fails to state a plausible claim for relief because there are no factual

---

[10] It is unclear whether this is an allegation against Estrada.  The paragraph immediately preceding this assertion states that Quiñones asked **Carrión** to move him to a different office, yet also alleges that **all defendants** ignored these requests.  (Docket No. 1 at p. 7.) (emphasis added).  Quiñones does not identify the person to whom he requested specific employment duties, but makes the same broad statement that his pleas "have been ignored by the defendants."  Id.  Quiñones does not identify the recipient of this request, but he specifically identifies Carrión as the recipient of all other requests related to his employment.  Id. at p. 7, 9.

[11] Although Quiñones states that he received the letter of intent to suspend his employment on June 10, 2016, he alleges that someone leaked this documents in 2015.  Id. at p. 12-13.  ("those documents have been leaked and published . . . [and] that publication was made in the year 2015.")

allegations that Estrada even knew Quiñones's political affiliation. <u>Lamboy-Ortiz v. Ortiz Velez</u>, 630 F.3d 228, 239 (1st Cir. 2010) (noting that knowledge of plaintiff's political affiliation is an element of a section 1983 political discrimination claim); <u>see also</u> <u>Comite Fiestas de la Calle San Sebastian, Inc. v. Cruz</u>, 207 F. Supp. 3d 129, 143 (D.P.R. 2016) (Besosa, J.) (granting summary judgement on plaintiff's political discrimination claim when the plaintiff "ha[d] not supported any fact detailing how [the defendants] came to know plaintiff['s] . . . political affiliation.")

### 3. Insufficient Notice

Defendant Estrada argues that the complaint does not place her on notice of the claims against her. (Docket No. 21 at p. 14, 21.) The Court agrees. The purpose of notice pleading is to inform the defendants of the claims against them. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Redondo Waste Sys. v. López-Freytes</u>, 659 F.3d 136, 141 (1st Cir. 2011) ("Recognizing the complaint's lack of specificity as a weakness" and affirming dismissal because the complaint did not allow the court to distinguish between defendants and failed to attribute any specific misdeeds to defendants.) Quiñones does not distinguish the defendants in his claims for relief. (Docket No. 1.) He vaguely bases each claim on "[t]he pattern of conduct

undertaken by the Defendants . . . ." Id. at p. 16-19. A plaintiff invoking section 1983, however, "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) ("only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable."); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 (1st Cir. 1994) (finding that there is no section 1983 liability on the basis of respondent superior, and liability, therefore, rests on an individual's own acts or omissions). Quiñones seeks to hold all defendants liable for their overall pattern of conduct, which, along with his failure to articulate a cause of action, does not notify Estrada of the claims against her.

## IV. *SUA SPONTE* DISMISSAL

The aforementioned deficiencies render the entire complaint insufficient to meet the minimum pleading standard. The Court is aware that *sua sponte* dismissal must be used sparingly. See Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002). A *sua sponte* dismissal for failure to state a claim is appropriate, however, when "the complaint is simply too vague and bare-boned, and does not set forth sufficient factual allegations in order to allow this court to 'intuit the correct cause of action, even if it was

imperfectly pled.'"  Martell-Rodriguez v. Ramos-Lopez, No. 16-2925, 2016 U.S. Dist. LEXIS 176668, at *9 (D.P.R. Dec. 21, 2016) (Perez-Gimenez, J.) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)).

Quiñones merely offers vague, unsupported legal conclusions alleging the defendants' misconduct.  The pleading standard "requires more than unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  The First Circuit Court of Appeals has noted potential "misuse" of section 1983 claims.  Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982).  In analyzing a complaint the Court must "insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Id.; see also Rivera-Crespo v. Gonzalez-Cruz, No. 13-1004, 2015 U.S. Dist. LEXIS 29773, at *9 (D.P.R. Mar. 9, 2015) (Velez-Rive, J.)  Quiñones, however, relies entirely on his feeling that defendants have wronged him.  (Docket No. 1.)

The Court is unable to identify the bases upon which Quiñones is bringing a claim against CFSE.  Quiñones attributes the following actions to CFSE:  (1) CFSE sought to terminate his employment, (2) CFSE sought to suspend his employment (3) these actions violated unidentified CFSE rules and regulations, and (4) CFSE was responsible for securing the confidentiality of

leaked employment documents.  Id. at p. 12-13.  The conclusory nature of the allegations against CFSE mirror the nebulous allegations against Estrada.  Both sets of allegations insufficiently set forth the purported causes of action.

Similarly, Quiñones's allegations against Carrión are bare. A plaintiff does not have a claim to relief by merely "alleg[ing] without specification that defendants used their powers generally with respect to various governmental bodies to plaintiff's prejudice."  Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982). Quiñones describes benign supervisor conduct as political discrimination and retaliation.  (Docket No. 1.)  For instance, Carrión moved his desk, did not delegate tasks pursuant to Quiñones's demands, did not assign him other employees' tasks in their absence, and participated in an ethics seminar while sitting behind Quiñones.  There are no factual allegations that support his statement that "such actions anguished the Plaintiff and made him feel that he was going to be continuously subject to discrimination on account of his political affiliation." (Docket No. 1.)  The Court cannot discern political discrimination for being a member of PPD from Quiñones's allegation that Carrión assigned his desk to an employee whom he also describes as "an active and well known member of the PPD in the Utuado office." Id. at p. 8.  Quiñones alleges that unidentified CFSE employees

told him on an unspecified date that Carrión instructed them to "put pressure over the Plaintiff and to try to find reasons to proceed against Quiñones under color of authority to push him out of the CFSE for political reasons." Id. at p. 11.  The Court will not credit these secondary-source statements because "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted.)

In light of the complaint's deficiencies, the Court will dismiss the complaint in its entirety.  Additionally, it is appropriate for the Court to dismiss Quiñones Fifth Amendment claims with prejudice.  This is appropriate because "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile" as to any Fifth Amendment claim. Landrau v. Solis Betancourt, 554 F. Supp. 2d 102, 114 (D.P.R. 2007) (Besosa, J.) The Fifth Amendment applies only "to actions of the federal government--not to those of state or local governments." Martinez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007) quoting Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Quiñones does not allege that any of the defendants are federal actors.  (Docket No. 1.)  The complaint states that CFSE is a public entity created by a local statute.  Id. at p. 2.

Accordingly, Quiñones cannot bring a valid section 1983 claim based on a Fifth Amendment violation against the defendants.

## V. SUPPLEMENTAL STATE LAW CLAIMS

Quiñones's supplemental state law claims rest on the same allegations as his section 1983 claims. (Docket No. 1.) These claims are also based on unsupported allegations that are not sufficient to state a claim on which relief may be granted. Quiñones's claim under Puerto Rico Law 115 of December 20, 1991 ("Law 115") against Estrada and Carrión in their personal capacity is improper. There is no individual liability under Law 115. Chain v. P.R. Fed. Affairs Admin. (PRFAA), No. 15-1012, 2016 U.S. Dist. LEXIS 45575, at *14 (D.P.R. Mar. 31, 2016) (Perez-Gimenez, J.); Cuevas v. P.R. Ports Auth., No. 12-1892, 2014 U.S. Dist. LEXIS 121476, at *46 (D.P.R. Aug. 28, 2014) (López, J.). For this reason, Quiñones's Law 115 claims against Estrada and Carrión in their personal capacity are **DISMISSED WITH PREJUDICE.** In addition, Quiñones cannot bring a Law 115 claim based on the same conduct as his claim under Article 1802. Perez v. Doctors' Ctr. Bayamon, No. 09-2212, 2011 U.S. Dist. LEXIS 52337, at *23 (D.P.R. May 16, 2011) (García, J.).

## V. CONCLUSION

In summary, all allegations fail to meet the minimal pleading requirement as to "who did what to whom, when, where and why."

Civil No. 16-2882 (FAB) 19

Educadores Puertorriqueños en Acción, 367 F.3d 61, 67 (1st Cir. 2004). For the reasons discussed above, Estrada's motion to dismiss Quiñones's section 1983 complaint against Estrada pursuant to Fed.R.Civ.P. 12 (b)(6) is **GRANTED**. All Law 115 claims against defendants in their personal capacity and section 1983 claims based on Fifth Amendment violations are **DISMISSED WITH PREJUDICE**. The remaining claims against the defendants are **DISMISSED** *sua sponte* **WITHOUT PREJUDICE**. The Court gives the plaintiff leave to file an amended complaint **before July 14, 2017**. No extensions will be granted. Moreover, the Court cautions the plaintiff that if it cannot discern a cause of action within the statute of limitations in the amended complaint, the Court will dismiss that claim with prejudice.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, June 29, 2017.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          UNITED STATES DISTRICT JUDGE